UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMAINE PURSE,

Petitioner,

v.   Case No: 6:17-cv-51-Orl-28GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

Respondents.
_____/

## ORDER

This case is before the Court on Petitioner Jermaine Purse's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response and a Supplemental Response to the Petition ("Response," and "Supplemental Response," Doc. Nos. 8, 14) in compliance with this Court's instructions. Petitioner filed a Reply to the Response ("Reply," Doc. 11) and was given an opportunity to file a Reply to the Supplemental Response but did not do so.

Petitioner asserts four grounds for relief. For the following reasons, the Petition is denied and dismissed.

### I. BACKGROUND

A jury convicted Petitioner of trafficking in 400 grams or more of cocaine (Count One), trafficking in 200 grams or more of 3, 4-methylenedioxy methamphetamine (Count Two), and unlawful use of a two-way communication device (Count Three). (Doc. 8-2 at

236.) The state court sentenced Petitioner to concurrent twenty-year terms of imprisonment for Counts One and Two and to 304 days of imprisonment for Count Three (*Id.* at 231, 239-40.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam* on May 4, 2010. (*Id.* at 273.)

Petitioner filed a state petition for writ of habeas corpus on August 9, 2010. (*Id.* at 278-88.) The Fifth DCA denied the petition on November 12, 2010. (*Id.* at 385.)

On June 1, 2011, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id.* at 387-410.) The state court denied two grounds and ordered an evidentiary hearing on four other grounds. (*Id.* at 479-81.) The state court denied those grounds after the evidentiary hearing. (*Id.* at 520-22.) Petitioner appealed, and the Fifth DCA affirmed in part and reversed and remanded the case for consideration of grounds seven through nine. (*Id.* at 583-84.) The state court denied relief on March 1, 2016. (*Id.* at 588-90.) Petitioner did not appeal.

On April 12 and 15, 2016, respectively Petitioner filed state habeas petitions in the Fifth DCA and the Supreme Court of Florida. (*Id.* at 598-621.) The Fifth DCA and the Supreme Court of Florida denied relief respectively on April 25, 2016, and July 1, 2016. (*Id.* at 624, 626.)

Petitioner initiated this action on January 9, 2017. (Doc. 1.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1)-(2).

In the present case, the Fifth DCA affirmed on direct appeal on May 4, 2010. Petitioner then had ninety days, or through August 2, 2010, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13.[1] Thus, under § 2244(d)(1)(A),

---

[1] Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

3

the judgment of conviction became final on August 2, 2010, and Petitioner had through August 2, 2011, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).

Under § 2244(d)(2), the limitation period was tolled during the pendency of Petitioner's "properly filed" state collateral proceedings. When Petitioner filed his first state habeas petition on August 9, 2010, seven days of the limitation period had expired. The time then tolled through November 12, 2010, when the Fifth DCA denied the petition. The limitation period ran for 201 days before Petitioner filed his Rule 3.850 motion on June 1, 2011. The time tolled through March 31, 2016, when the time expired for Petitioner to appeal the denial of his Rule 3.850 motion. The limitation period ran for an additional twelve days before Petitioner filed his state habeas petition on April 12, 2016. The time was tolled until July 1, 2016, the date Petitioner's state habeas proceedings concluded. At that time, 145 (365 - 7 - 201 - 12 = 145) days remained to timely file a federal petition, or through November 23, 2016. Consequently, the Petition filed on January 9, 2017, was not timely filed.

Petitioner argues that equitable tolling is warranted. (Doc. 24.) In support of this argument, Petitioner notes that he filed a federal petition on October 18, 2016, that was

---

Sup. Ct. R. 13(3).

dismissed without prejudice on December 16, 2016. (Doc. 11 at 2-10.) According to Petitioner, he mistakenly thought he had thirty days, not fourteen days, from the date of the Court's November 28, 2016 Order to pay the filing fee and did not have sufficient time to pay the filing fee because of prison procedures and his family's inability to submit the filing fee. (*Id.*)

In *Holland v. Florida*, 560 U.S. 631, 645 (2010), the Supreme Court of the United States held that the AEDPA's one-year statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,'... 'not maximum feasible diligence. . . .'" *Id.* at 653 (internal quotations and citations omitted). To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). "[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet v. Fla, Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017) (citing *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 757 n.5 (2016)). As explained by the Eleventh Circuit:

> It is well settled that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.* In light of the petitioner's burden, district courts are not "required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface." *Chavez*, 647 F.3d at 1061.

*Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014).

Petitioner has not demonstrated that some extraordinary circumstance prevented him from timely filing his petition or that he exercised due diligence. Petitioner filed a federal habeas corpus petition on October 18, 2016, which was dismissed without prejudice on December 16, 2016. *See* Case No. 6:16-cv-1856-Orl-40DCI, Doc. 7. Petitioner's prior federal habeas petition did not toll the one-year period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the limitation period does not toll during the pendency of a federal habeas corpus petition).

In *Smallwood v. Sec'y, Dep't of Corr*, 178 F. App'x 944, 945 (11th Cir. 2006), the Eleventh Circuit concluded that a habeas petitioner was not entitled to equitable tolling during the time his first federal habeas petition was pending because the petitioner was not the victim of extraordinary circumstances that were beyond his control and unavoidable even with due diligence. The court noted that the petitioner received notice of the dismissal of the first federal habeas action, and instead of appealing the dismissal of the initial action, he filed a new petition. *Id.* The court reasoned that because the petitioner "did not exhaust the options available to him when his first federal habeas

6

petition was dismissed, he did not exercise the level of diligence required to show the rare and exceptional circumstances that qualify a petitioner for equitable tolling." *Id.* (quotation omitted).

Similar to *Smallwood*, Petitioner received a notice of dismissal in case number 6:16-cv-1856-Orl-40DCI. However, Petitioner did not pursue an appeal of the dismissal; instead, he filed a new petition. Petitioner has not demonstrated extraordinary circumstances or due diligence. Therefore, he is not entitled to equitable tolling based on the dismissal of his first habeas action.

Moreover, the petition is denied pursuant to 28 U.S.C. § 2254(d). The state court denied Petitioner's four grounds on the merits after an evidentiary hearing. *See* Doc. 8-2 at 520-22. The state court reasoned that counsel advised Petitioner (1) of the maximum sentence he faced if convicted at trial, (2) that the State made a ten-year plea offer, (3) that the plea offer was a good deal given the weight of the evidence against Petitioner, and (4) that the case would be difficult to win at trial. (*Id.*). The state court noted that counsel testified that Petitioner wanted a plea offer of less than ten years and did not tell counsel he wanted the ten-year plea offer after viewing the video of the drug transaction. (*Id.*). In light of counsel's testimony at the evidentiary hearing, Petitioner has not established that counsel was deficient for failing to (1) appropriately advise him about the video during plea negotiations, (2) move to compel the State to provide the video, (3) depose the confidential informant, or (4) advise Petitioner of the maximum penalty if convicted at trial. *See* Doc. 8-2 at 496-513. Petitioner also has not demonstrated that prejudice resulted from counsel's purported deficiency. Consequently, the state court's denial of Petitioner's

7

grounds is not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, Petitioner's grounds are alternatively denied on the merits.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.

8

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 25, 2019.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-1 1/25